IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00240-CR

 

Morgan Kane Walker,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 28295-CR

 



MEMORANDUM  Opinion



 

Appellant Morgan Kane
Walker was convicted of failing to register as a sex offender.  He appeals this
conviction.  We will affirm the judgment of the trial court.

BACKGROUND

      Walker was charged by indictment
with failure to register as a sex offender.  The indictment alleged that he was
required to register because of a reportable adjudication for aggravated sexual
assault of a child and that he failed to notify Ennis Police Department of a
change of address.  The jury returned a guilty verdict and a sentence of eight-and-a-half
years imprisonment.  The trial court entered its judgment in accordance with
the verdict.  Walker brings seven issues on appeal.

Sufficiency of Indictment

      In his first issue, Walker complains that the trial court erred in denying his motion for directed verdict
because the indictment failed to give adequate notice.  However, Walker did not complain of any inadequacy prior to trial.  If a defendant
does not object to a defect, error, or irregularity of form or substance in an
indictment before the date on which the trial on the merits commences, he
waives and forfeits the right to object to the defect, error, or irregularity
and may not raise the objection on appeal.  Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).  Because Walker did not preserve it for appeal, we overrule his first issue.

Adequate Briefing

Rule 38 of the Texas Rules
of Appellate Procedure provides that a brief to the court of appeals must
contain, among other things, a clear and concise argument for the contentions
made with appropriate citations to authorities and the record.  Tex. R. App. P. 38.1(h).  The failure to adequately brief an issue presents nothing for
review.  Lawton v. State, 913 S.W.2d 542, 558 (Tex. Crim. App. 1995), overruled
on other grounds, Mosley v. State, 983 S.W.2d 249, (Tex. Crim. App. 1998).

Walker’s brief does not
analyze his second issue concerning whether this prosecution will bar further
prosecutions and fails to set forth any law to support his argument.  Walker presents nothing for our review, and we overrule his second issue.

Sufficiency of the Evidence

      In his third and fourth issues, Walker argues that the trial court erred in denying his Motion for Directed Verdict
because the evidence was legally insufficient and because a fatal variance
existed between the indictment and proof at trial rendering the evidence insufficient
to support the conviction.  

Standard of Review

We
review a trial court's ruling on a motion for a directed verdict under the same standards used to
review the legal sufficiency of the evidence.  Williams v. State, 937
S.W.2d 479, 482 (Tex. Crim. App. 1996).  When reviewing a challenge to the legal sufficiency of the
evidence, we must determine whether, after viewing all the evidence in the
light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  We do not resolve any conflict of fact or assign credibility to the
witnesses, as this was the function of the trier of fact.  See Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v. State,
828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State, 819 S.W.2d
839, 843 (Tex. Crim. App. 1991).  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict.  Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000); Matson, 819 S.W.2d at 843.

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  Such a charge would include one that “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for
which the defendant is tried.” Id.

Further,
when faced with a sufficiency of the evidence claim based upon a variance
between the indictment and the proof, only a “material” variance will render
the evidence insufficient.  Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  That is, a variance is fatal if it is material and prejudices the
defendant’s substantial rights.  Id. (quoting United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)).  To make this determination, the court
must consider whether the indictment (1) failed to inform the defendant of the
charge against him sufficiently to allow him to prepare an adequate defense at
trial, or (2) does not describe the offense clearly enough to protect the
defendant from being subjected to the risk of later prosecution for the same
crime.  Id. 

Analysis

      Walker was charged by indictment with failure
to register as a sex offender.  Tex.
Code Crim. Proc. Ann. art 62.102 (Vernon Supp. 2005).  Specifically, he
was charged with failing to notify the Ennis Police Department of a change of
address.  Detective Sergeant David Anthony of the Ennis Police Department
testified that he is responsible for registering all sex offenders within the
city limits of Ennis.  They are to report to him to verify registration
annually and to notify him seven days before any change in address.  When an
individual notifies him of a change of address, Anthony contacts the law
enforcement agency and notifies it that an offender will be moving into its
jurisdiction.  According to Anthony’s records, he last met with Walker on October 24, 2002 for his annual registration and Walker failed to register the
following year.  In 2004, Anthony contacted the Tarrant County probation office
and learned that Walker had moved to Oklahoma.  Anthony had no records that
indicated he had notified Oklahoma law enforcement that Walker was entering its
jurisdiction.

Officer David Daniel, a Tarrant County community supervision officer, testified that Walker notified him of his desire
to move to Oklahoma and was granted permission to move, subject to the conditions
of his probation.  Tarrant County issued a travel permit to Walker which
indicated this stipulation.  However, Walker failed to meet those conditions by
failing to notify the Ennis Police Department seven days prior to changing his
address.  

      Walker testified that he understood
that he was supposed to notify Anthony of his intent to move to Oklahoma.  He met this requirement, he maintains, by meeting with Anthony at the Ennis
Police Department on November 15, 2002.  Walker’s brother and wife testified
that they went with him to the police department on that day and waited outside
for him.  Walker stated that he brought the Tarrant County documents granting
permission for him to move and Anthony reviewed these documents and worked on
his computer during the meeting.  Walker stated that he was under the
impression that he had completed all necessary requirements to move to Oklahoma on November 23, 2002.

      Walker’s Oklahoma probation
officer, Russell Turner, testified that all of the necessary documents were
provided by Texas in order for him to accept Walker onto his caseload.  He
further testified that Walker registered as a sex offender in Oklahoma as
required.  

      In viewing all the evidence, we
cannot say that a rational trier of fact could not have found guilt beyond a
reasonable doubt or that the jury was not rationally justified in finding
guilt.  Although there is substantial evidence that Walker attempted to meet
the registration requirements, in viewing the evidence in the light most
favorable to the verdict we find that the evidence is legally sufficient to
support the finding that Walker failed to notify the Ennis Police Department of
a change of address.[1] 
We overrule Walker’s third and fourth issues.

 




Underlying Offense

      Walker objected to the reading of
the portion of the indictment containing the name of the offense, “aggravated sexual
assault of a child.”  The trial court overruled the objection, and the State
read the entire indictment to the jury.  Walker also objected when the State
asked Anthony and Daniel for which offense Walker was required to register, and
the trial court overruled these objections.  Walker complains in his fifth and
sixth issues that the trial court abused its discretion in overruling these
objections.  

During the course of the
trial, the State offered as Exhibit 4 the unadjudicated judgment on his plea of
guilty, the order granting community supervision, the conditions of community
supervision, and the supplement to conditions of community supervision for
sexual offenders.  The State also sought to offer a copy of the indictment in
the underlying case as part of Exhibit 4.  Walker objected only to the
indictment.  The trial court sustained that objection and the rest of the
exhibit, which referenced the underlying offense, was admitted without
objection.  Further, Walker did not object to the jury charge which also
referenced the offense.

      Walker did not object
to portions of Exhibit 4 that showed the underlying offense.  We will not
reverse a conviction based on the trial court’s overruling an objection to
evidence when similar evidence was received without objection, either before or
after the complained-of ruling.  Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998.  Because evidence of the underlying offense was admitted in Exhibit 4,
we find that it rendered any error harmless.  We overrule Walker’s fifth and
sixth issues.

Jury Argument

In closing argument, the
State argued that “sex offenders and child molesters have to toe the line.”  It
further stated that sex offenders and child molesters are the only criminals in
our society that we monitor.  Walker objected to the State’s reference to him
as a child molester.  The court overruled this objection.  Walker now challenges
this ruling in issue seven.

      The four areas of permissible
jury argument by the State are: (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) responsive arguments; and (4) pleas for law
enforcement.  McFarland v. State, 989 S.W.2d 749, 751 (Tex. Crim. App. 1999).  The State must
confine its jury argument concerning the defendant's guilt to statements based
upon properly admitted evidence.  Campbell v. State, 610 S.W.2d
754, 757 (Tex. Crim. App. 1980).  

      Walker entered a guilty plea to the offense of aggravated
sexual assault of a child.  As Exhibit 4 provided sufficient evidence of his
guilt, we find that it was a reasonable deduction from the evidence that Walker was a child molester.  We overrule Walker’s seventh issue.




Conclusion

        Having overruled Walker’s seven issues, we affirm the
trial court’s judgment.  

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed July 26, 2006

Do
Not Publish

[CR25]

 









[1]
Factual sufficiency of the evidence is not challenged.